UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BETTINA HARLEY,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:15-cv-00275-JAD-PAL<br><br>**ORDER**<br><br>(IFP Application – Dkt. #1)<br>(Mot. to Expedite – Dkt. #3) |

This matter is before the court on Plaintiff Bettina Harley's Application to Proceed *In Forma Pauperis* (Dkt. #1) and Motion to Expedite Affidavit of Insolvency, or in the Alternative, Set Matter for Hearing (Dkt. #3). Plaintiff is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint against the United States Citizenship and Immigration Services ("CIS"), formerly known as the "INS." This matter was referred to this court pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.　IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to § 1915(a). The Court will now review Plaintiff's Complaint. (Dkt. #1-2).

**II.　SCREENING THE COMPLAINT**

**A.　Legal Standard**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en

1

banc) ("section 1915(e) applies to all in forma pauperis complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). For the purposes of § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cf.* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff has stated a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*).

### B. Plaintiff's Allegations Against CIS

Plaintiff asserts that CIS improperly withheld properly requested agency records. Complaint (Dkt. #1-2). For the purposes of this screening order, the Court accepts the following allegations by Plaintiff as true. Plaintiff was born in India, and was legally adopted by then-foreign nationals, now-naturalized, adoptive parents, living in America. *Id*. at 2. The State of Hawaii issued Plaintiff a "Certificate of Foreign Birth," showing her adoptive parents as her mother and father, and listing their status as foreign nationals. Plaintiff maintains that she was

2

naturalized soon after being admitted to the United States as an infant. Presently, Plaintiff is estranged from her adoptive parents and is unable to obtain any records from them.

For a large majority of her life, Plaintiff has Department of Defense identification as a dependent-daughter and spouse. *Id*. at 1. She no longer qualifies for the Department of Defense identification. Plaintiff was licensed to drive in the state of Florida and had a non-driver's license identification card from Georgia. *Id*. at 3. Upon their expiration, Plaintiff attempted to renew each. However, due to new REAL ID Act regulations, Plaintiff was required to prove legal presence in the United States. In 2011[1], because Plaintiff did not have access to her naturalization documents and did not have a qualifying birth certificate, she submitted a request for her documents to the CIS. *Id*. at 3–4. Plaintiff also enlisted the help of an attorney in Georgia to obtain her files to no avail. Despite having in its possession Plaintiff's entire file, including her initial entry visa, green card, and certificate of citizenship, CIS refused to process her request and continually demanded information that Plaintiff did not possess. *Id*. at 4. Due to CIS's non-response to her request, Plaintiff has no valid form of identification and no hope of procuring any legal documents to enable her to obtain legal identification. Plaintiff seeks injunctive relief in the form of requiring CIS to provide her with documentation in her files to allow her to obtain a REAL ID. *Id*. at 6.

**C.    Analysis**

As a general matter, the United States, as a sovereign, is immune from suit unless it has waived its immunity. *See Baiser v. Dep't of Justice, Office of United States Trustee*, 327 F.3d 903, 907 (9th Cir. 2003). Sovereign immunity is a jurisdictional bar if the United States has not consented to be sued on a particular claim. *Id.* In the Administrative Procedures Act ("APA") Congress granted a private right of action to enforce federal rights against federal agencies. 5 U.S.C. § 702. The APA waives federal sovereign immunity in certain circumstances to allow equitable relief from agency action or inaction. *See Heckler v. Chaney*, 470 U.S. 821, 828–29 (1985). The APA's waiver of sovereign immunity is limited, however. *See Western Shoshone*

---

[1] The Complaint is timely because it is brought within the six-year statute of limitations for actions against the United States. 28 U.S.C. § 2401(a).

3

*Nat. Council v. United States*, 408 F. Supp. 2d 1040, 1048 (D. Nev. 2005) (citing *Tucson Airport Auth'y v. Gen'l Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998)).  It does not extend to claims for monetary damages or to claims prohibited by another statute.  In addition, judicial review is limited to review specifically authorized by another statute or "final agency action for which there is no other adequate remedy in a court." *Id.* (citing 5 U.S.C. § 704).

It appears Plaintiff is attempting to assert a claim for improper withholding of agency records, a claim arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  FOIA "is actually a part of the Administrative Procedure Act (APA)." *United States DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 754 (1989).  FOIA "requires every [federal executive-branch] agency 'upon any request for records which reasonably describes such records' to make such records 'promptly available to any person'." *Id.* at 754–755 (citation and alteration omitted).  "Where a citizen has made a request for information under FOIA, and the agency has refused in whole or in part to produce responsive materials, the act authorizes the citizen to bring suit in federal court challenging the agency's refusal to disclose documents to the requester." *Nat. Resources Defense Council v. United States Dep't of Defense,* 388 F. Supp. 2d 1086, 1094 (C.D. Cal. 2005) (citing 5 U.S.C. § 552(a)(4)(B)); *see also Martins v. United States Citizenship & Immigration Services*, 962 F. Supp. 2d 1106, 1120 (N.D. Cal. 2013).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo'." *Reporters Comm. for Freedom of Press*, 489 U.S. at 755 (quoting 5 U.S.C. § 552(a)(4)(B).)

To state a claim under FOIA, a plaintiff must allege that: (1) a federal agency created or obtained a record ("agency record requirement"), *Forsham v. Harris*, 445 U.S. 169, 182 (1980)[2], (2) the plaintiff made a request for the agency record ("written request requirement"), 5 U.S.C. § 552(a)(3)(A), and (3) the agency denied the request and any subsequent administrative appeal,

---

[2] *Forsham* was superseded in part on other grounds by Omnibus Consolidated and Emergency Supplemental Appropriations Act, 1999, Pub. L. No. 105-277, 112 Stat. 2681 (1998) (making certain research data generated by private federal grantees subject to FOIA requests).

or failed to comply by providing the agency record within the twenty-day statutory time period ("exhaustion requirement"). *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986); 5 U.S.C. § 552(a)(6)(C). The twenty-day time period begins to run upon the agency's receipt of the request. 5 U.S.C. § 552(a)(6)(A)(I).

Taking her allegations as true, Plaintiff has adequately stated a claim under FOIA. First, Plaintiff alleges that CIS created or obtained her "complete and entire file," including her initial entry visa, green card, and certificate of citizenship. Complaint (Dkt. #1-2) at 4. Second, Plaintiff alleges that she "formally" corresponded with CIS (and/or its predecessor organization) personally and through counsel. *Id*. at 3–4. Finally, Plaintiff alleges that the CIS did not process her request ever, and unreasonably demanded information the agency knew she did not have and had no means to obtain. *Id.* Accepting the allegations of the complaint as true, the Court finds Plaintiff's Complaint states a valid FOIA claim for screening purposes.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefore. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant United States Citizenship and Immigration Services.

4. Plaintiff is advised to carefully review Rule 4(i)(1)–(2) of the Federal Rules of Civil Procedure in order to properly serve Defendant. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

5. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading

motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendant. The court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

6. Motion to Expedite Affidavit of Insolvency, or in the Alternative, Set Matter for Hearing (Dkt. #3) is DENIED as moot.

Dated this 7th day of May, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE